UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIZABETH MARIE MORSE THOMPSON,

    Petitioner,

vs.                            Case No.   2:07-cv-128-FtM-29DNF
                                    Case No.   2:03-cr-24-FtM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner Elizabeth Marie Morse Thompson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #340)[1] filed on March 1, 2007.  The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on April 27, 2007.  (Cv. Doc. #7).  For the reasons set forth below, the petition is denied.

**I.**

After a jury trial, petitioner Elizabeth Marie Morse Thompson (petitioner or Thompson) was convicted of conspiracy to possess with intent to distribute 500 grams or more of cocaine and five

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case  as "Cr. Doc."

grams or more of cocaine base, or crack cocaine; and two substantive counts of possession with intent to distribute cocaine base, otherwise known as crack cocaine. (See Doc. #215.) One of petitioner's co-defendants, Joseph Stratton, went to trial with petitioner and was convicted of the conspiracy count, the only count in which he was charged. (Id.) Petitioner's other co-defendant pled guilty and testified at the trial. (Docs. ## 193, 194.) Petitioner was sentenced to 360 months imprisonment on each count, to be served concurrently, the low end of the then-mandatory Sentencing Guidelines. (Doc. #256.) On direct appeal petitioner's convictions were affirmed but her sentence was vacated in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Thompson, 422 F.3d 1285 (11th Cir. 2005). At re-sentencing the court granted a Booker variance and imposed a sentence of 240 months imprisonment. (Doc. #313.) On direct appeal of the re-sentencing, petitioner's 240 month sentence was affirmed. United States v. Thompson, 188 Fed. Appx. 902 (11th Cir. 2006). A petition for a writ of certiorari was denied on December 4, 2006. Thompson v. United States, 127 S. Ct. 748 (2006). Petitioner then filed this timely § 2255 motion.

## II.

Read very liberally, petitioner alleges the following claims: (1) petitioner wanted to plead guilty, but the prosecutor would not return her attorney's telephone calls, her co-defendant threatened her not to plead guilty, and her attorney was paid by her co-

defendant to represent petitioner in a joint trial; (2) petitioner wished to testify at her trial, but her attorney refused to allow her to do so; and (3) petitioner wanted a separate trial from her co-defendant, but this was refused. None of these claims have merit.

A defendant in a criminal case does not have a constitutional right to engage in plea bargaining with the United States. United States v. Pleasant, 730 F.2d 657, 664 (11th Cir. 1984). Therefore, petitioner's claim that the prosecutor did not return her attorney's calls fails to state a cognizable claim. Additionally, it is clear that defense "counsel cannot force the state to plea bargain." Zamora v. Dugger, 834 F.2d 956, 960 (11th Cir. 1987). Moreover, petitioner's trial was not prejudiced to the point of reaching an unreliable result because of this ground. Zamora, 834 F.2d at 960.

Viewed as an ineffective assistance of counsel claim, no error has been established. The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). See also Williams v. Taylor, 529 U.S. 362 (2000).

The attorney about whom petitioner complains, Charles M. Harris, did not enter the case until July 31, 2003 (Docs. ## 165, 166, 167). The government filed an Information and Notice of Prior Convictions on August 7, 2003 (Cr. Doc. #169) to enhance petitioner's sentence upon conviction. The Court denied petitioner's motion to suppress statements on September 24, 2003 (Cr. Doc. #185). Trial began on October 7, 2003 (Cr. Doc. #193). There is no indication that even if defense counsel would have been more diligent in pursuing the matter petitioner would have pled guilty to an offense with the enhanced penalty. Since petitioner has not made a showing that there was a reasonable probability that she would have pleaded guilty, there is no showing of ineffective assistance of counsel. Coulter v. Herring, 60 F.3d 1499, 151504 (11th Cir. 1995).

Additionally, neither of the Strickland prongs have been satisfied. The undersigned was the trial judge in this case, and has reviewed the transcripts of the proceedings. The Court finds that trial counsel's performance was not deficient; rather, it is clear that counsel aggressively represented petitioner throughout the proceedings. Further, petitioner has shown no prejudice. Even if petitioner had pled guilty, she would have been held accountable for the same amount of drugs under the relevant conduct principles of the Sentencing Guidelines. Petitioner's Base Offense Level was

36, she received a two level upward adjustment for Role in the Offense, and her Total Offense Level was 38. Had petitioner pled guilty before trial, she would arguably have been entitled to a three level downward adjustment for acceptance of responsibility. This would have reduced her Total Offense Level to 35, in a best case scenario. With a criminal history category of V, petitioner's Sentencing Guidelines range would have been 262 to 327 months. The 240 month sentence actually imposed by the Court was below the range that would have been recommended by the Sentencing Guidelines. No prejudice has been shown by petitioner.

Accepting petitioner's statement that her co-defendant paid for her attorney, the court will assume that this is intended to allege that counsel operated under a conflict of interest. To obtain relief in such a situation, petitioner must show that her attorney had an actual conflict of interest and that the conflict of interest adversely affected counsel's performance. Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980); Pegg v. United States, 253 F.3d 1274, 1277 (11th Cir. 2001). The record establishes that neither prong has been established. No actual conflict of interest has been established, and the representation by Mr. Harris was effective and his choices were not shown to have been impacted by the fact that his fee was paid by a co-defendant. Therefore, no ineffective assistance of counsel has been shown under either the Strickland standard or the Cuyler standard.

Other than petitioner's self-serving, conclusory statement that the co-defendant threatened her not to plead guilty, the record contains nothing which would suggest such a thing. In any event, as set forth above, no prejudice has been shown in the failure to plead guilty.

Petitioner asserts that her attorney refused to allow her to testify at trial. It is certainly true that a criminal defendant has the right to testify at his or her trial, that the decision is by the defendant, and that the issue is analyzed under the ineffective assistance of counsel framework. United States v. Teague, 953 F.2d 1525, 1533-34 (11th Cir. 1992)(en banc). The record at trial affirmatively refutes petitioner's claim:

> COURT: Ms. Thompson, you have an absolute constitutional right to testify in your own behalf in this trial if you wish to do so. You also have the absolute constitutional right not to testify. The choice belongs to you and you alone. Your attorney advises you and gives you his view of things, but ultimately, this is one of those decisions that belongs to you. Do you understand that?
>
> DEFENDANT THOMPSON: Yes, I do.
>
> THE COURT: "Your attorney has rested without calling any witnesses, so I assume that means that you've decided not to testify, is that correct?
>
> DEFENDANT THOMPSON: That's correct, sir.
>
> THE COURT: And that's your own independent decision not to testify?
>
> DEFENDANT THOMPSON: Yes, it is, Judge.

(Doc. #279, pp. 915-16.)

Petitioner also states that she wanted a separate trial, but that this was refused. Assuming this is properly before the Court in a § 2255 motion, there is no merit to the claim that a severance should have been granted. Co-defendant Joseph Stratton filed a Motion for Severance (Cr. Doc. #83) based on post-arrest statements made by petitioner and another co-defendant. The Court denied the motion (Doc. #97), finding no showing of prejudice and holding that no post-arrest statements would be admitted which would violate Bruton v. United States, 391 U.S. 123 (1968). On the first day of trial, October 7, 2003, petitioner's attorney essentially joined in co-defendant Stratton's renewed motion for a severance, although counsel recognized that it was Stratton's rights which were at issue because of petitioner's post-arrest statements. (Cr. Doc. 275, pp. 7-9.)

Both petitioner and co-defendant Stratton were charged in the conspiracy in Count One; petitioner alone was charged with the substantive offenses in Counts Two and Three. It is well established that defendants who are indicted together are usually tried together, Zafiro v. United States, 506 U.S. 534, 537-38 (1993), particularly in conspiracy cases. United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007). There has been no showing that the joint trial in this case resulted in prejudice to petitioner or that severance is a proper remedy for that prejudice. Therefore, it was not error to deny severance.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk shall place of copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of September, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Elizabeth Thompson