UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No. 2:03-cr-24-FTM-29DNF

ELIZABETH M. THOMPSON
_____

**OPINION AND ORDER**

This matter is before the Court on defendant's *pro se* Motion for Modification or Reduction of Sentence Based Upon Retroactive Guideline Amendment Concerning Cocain Base ("Crack") and Certain Criminal History Rules that Have the Effect of Lowering Guideline Range and Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 (Doc. #352) filed on February 29, 2008. Defendant seeks a reduction in her sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels, and in light of Amendment 709, which made changes concerning a defendant's criminal history.

**I.**

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

>Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive

---

[1]<u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). Defendant Thompson satisfies all of these eligibility requirements and a reduction in the term of imprisonment would be consistent with the Sentencing Guidelines policy statement.

While defendant is eligible for a reduction in the term of imprisonment and such a reduction is not excluded by the Sentencing Guidelines policy statement, the court must make two distinct determinations before deciding whether and to what extent to reduce a defendant's term of imprisonment under § 3582(c)(2). First, the court must recalculate the sentence under the amended guidelines. The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The Court uses that new base level to determine what ultimate sentence it would have imposed. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999).

The second step is to decide whether, in its discretion, the court will elect to impose the newly calculated sentence under the

amended guidelines or retain the original sentence.  Bravo, 203 F.3d at 781.  In making this decision, the court considers the factors listed in § 3553(a) to the extent consistent with the Sentencing Guidelines policy statement.  Bravo, 203 F.3d at 781; Vautier, 144 F.3d at 760.  The Court must also consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment, U.S.S.G. § 1B1.10 cmt. n.1(b)(ii), and may consider post-sentencing conduct of defendant occurring after the imposition of the original term of imprisonment, Application Note 1(b)(iii).  While the two steps are required, the court is not required to reduce defendant's sentence because that determination is discretionary.  Vautier, 144 F.3d at 760; United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997); United States v. Vazquez, 53 F.3d 1216, 122728 (11th Cir. 1995).

**II.**

At the original sentence, the Court determined that defendant's Total Offense Level was 38, her Criminal History Category was VI, and the Sentencing Guidelines range was 360 months to life imprisonment.  Defendant was sentenced to 360 months imprisonment.  After a remand based on United States v. Booker, 543 U.S. 220 (2005), the Court granted a departure to Criminal History Category V pursuant to U.S.S.G. § 4A1.3 and a variance from the Sentencing Guidelines and sentenced defendant to 240 months

imprisonment.  The Probation Office reports that comparable reductions following the application of Amendment 706 results in a imprisonment range of 188 to 235 months.  The Probation Office also reports that defendant has received her GED while imprisoned and has completed numerous educational courses and, with one minor exception, has a clear disciplinary record.  Therefore, in the exercise of its discretion, the Court will apply the Amendment 706 reduction to defendant.

Defendant also asserts that the Court should take this opportunity to further reduce the sentence pursuant to United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 128 S. Ct. 558 (2007).  The Court normally declines to do so because proceedings under § 3582(c) and § 1B1.10 "do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), or a *de novo* resentencing.  United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), cert. denied, 547 U.S. 1050 (2006); Bravo, 203 F.3d at 781; Cothran, 106 F.3d at 1562.  In this case, a unique factor exists which justifies a further reduction based upon Kimbrough.

Co-defendant Joseph Stratton had been re-sentenced on a Booker remand, and on January 7, 2008, Stratton's petition for writ of certiorari was granted by the U.S. Supreme Court and remanded to the Eleventh Circuit for further consideration in light of Kimbrough.  Stratton v. United States, 128 S. Ct. 859 (2008).  The

Eleventh Circuit in turn remanded the case to the district court for re-sentencing in light Kimbrough. United States v. Stratton, 519 F.3d 1305 (11th Cir. 2008). On September 30, 2008, the Court re-sentenced Stratton, reducing his sentence based on Kimbrough (and after an Amendment 706 reduction) to 100 months imprisonment. Defendant Thompson had appealed her re-sentencing after the Booker remand, and her petition for *certiorari* was denied. Thompson v. United States, 127 S. Ct. 748 (2006). The Court sees no reason why one defendant should receive consideration under Kimbrough and a similarly situated co-defendant not receive such consideration. Therefore, after considering Kimbrough the Court will further exercise its discretion and further reduce defendant Thompson's sentence to 120 months imprisonment. Her sentence is in excess of defendant Stratton's because of her substantial criminal history.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's Motion for Modification or Reduction of Sentence Based Upon Retroactive Guideline Amendment Concerning Cocain Base ("Crack") and Certain Criminal History Rules that Have the Effect of Lowering Guideline Range and Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 (Doc. #352) is **GRANTED** as set forth below.

2. The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to 120 months imprisonment as to each count, to be served concurrently, and otherwise leaving all other components of the sentence as originally imposed. This order is

subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.".

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of October, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA Casas
Elizabeth M. Thompson
U.S. Probation
U.S. Marshal